IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
GREENBELT DIVISION

PURE WATER COMMITTEE OF WESTERN   )
  MARYLAND, INC.,      )
      )
   Plaintiffs      )
      )
v.      )   Civil Action No. <u>JFM 01 CV 2611</u>
      )
MAYOR AND CITY COUNCIL OF      )
    CUMBERLAND, MARYLAND, et al   )
      )
Defendants      )

_____

PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

Plaintiff, through counsel, move this Court to deny Defendants' Motion for Summary Judgment, for the reasons set forth herein.

1. There exists a genuine dispute between the parties as to:

    1.1 Whether or not the additives used by the Defendants Cumberland and Frostburg to fluoridate their public water supplies are medications.

    1.2 Whether or not the individual plaintiffs were unlawfully disenfranchised when Defendants Cumberland and Frostburg fluoridated their water supply without granting them a right of suffrage as said individual plaintiffs were not residents of the municipalities.

    1.3 Whether or not fluoridation by Defendants denied the Plaintiffs a constitutionally guaranteed liberty interest .

    1.4 Whether or not the fluoridation of the public water system constituted a violation of Plaintiffs' due process constitutional rights under the Fourth and Fourteenth Amendments.

1.5  Whether or not the Defendants fluoridation of the public water supply is a lawful exercise of the Defendants police powers.

1.6.  Whether or not Plaintiffs have standing to pursue this case as recipients of the medicated water.

WHEREFORE, Plaintiffs pray that this Court deny Defendants Motion for Summary Judgment.

Respectfully submitted,

By: _____/S/_____
William J. Trozzo
Federal Bar No. 24860
Trozzo, Lowery & Weston, LLC
75 Greene Street
Cumberland, MD 21502
Tel (301) 759-4343
Fax (301) 759-2713

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
GREENBELT DIVISION


PURE WATER COMMITTEE OF WESTERN        )
  MARYLAND, INC.,                      )
                                        )
    Plaintiffs                        )
                                        )
v.                                      )     Civil Action No. <u>JFM 01 CV 2611</u>
                                        )
MAYOR AND CITY COUNCIL OF               )
     CUMBERLAND, MARYLAND, et al       )
                                        )
Defendants                              )

_____

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
RESPONSE TO MOTION FOR SUMMARY JUDGMENT

**FACTS**

The Plaintiffs include a corporation organized and existing under the laws of the State of

Maryland and various individuals residing in and citizens of the States of Maryland, Pennsylvania

and West Virginia.   The City of Cumberland, Maryland, Defendant, directly sells and distributes

water to persons residing outside the corporate limits of the City of Cumberland, including persons

residing in Pennsylvania and West Virginia as well as Allegany County, Maryland, and, in the area

of Allegany County known as LaVale, sells water to the Defendant, LaVale Sanitary Commission,

Inc., who then sells and distributes the fluoridated water to its customers.   The City of Frostburg,

Maryland, Defendant, directly sells and distributes water to some persons residing outside the

corporate limits of the City of Frostburg, and indirectly sells and distributes fluoridated water to

customers outside its municipal boundaries through the utility division of Allegany County,

Maryland.

All individual Plaintiffs reside outside the corporate limits of the defendants but utilize water that is supplied by the Defendants.

Plaintiffs have filed this suit requesting that Defendants be enjoined from fluoridating the public water supplies beyond their corporate limits.

Defendants City of Cumberland and City of Frostburg have filed for Summary Judgment and Plaintiffs argue for denial of that Motion for the following reasons:

**SUMMARY JUDGMENT STANDARD**

According to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the "pleadings, depositions, answers to Interrogatories and admission on file together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."

**First Argument: Medication**.   The seminal material fact in dispute in this case which must be decided at a merit trial, and not on a motion for summary judgment, is whether or not the substances which the Defendants are adding to public water supplies is a medicine.

The only deposed medical expert witness to directly address this issue is Dr. David Kennedy, who affirmed that, in his professional opinion, fluoride as used as an additive to public water supplies is a medicine.   At his deposition by counsel for City of Frostburg, the following colloquy was recorded:

Attorney Getty:   "Now, do you believe that drinking fluoridated water is ingesting a drug?"

Dr. Kennedy:   "According to the Food and Drug Administration, that if fluoride has a health claim applied to it, according to the Congressional investigation, if there is a health claim applied to fluoride to diagnose, treat or ameliorate dental disease, then it is a drug and actionable by the Food and Drug Administration." *Deposition of Dr. David C. Kennedy. D.*

*D. S.*, July 2, 2002, Page 30, Line 9, *et. seq.*

Plaintiffs have a constitutional right to be free of government imposed medication. As stated by the United States Supreme Court in *Riggins v. Nevada*, 504 U.S. 127, 134-135(1992).

"An individual has a constitutionally protected liberty interest in avoiding involuntary administration of antipsychotic drugs, an interest that only an essential or overriding state interest might overcome."

This doctrine recently affirmed in *Sell v. United States*, 539 U.S. _____ (2003). See also *Cruzan v. Director, MDH*, 497 U.S. 261, 2 (1990), wherein the U. S. Supreme Court stated as well settled law that "A competent person has a liberty interest under the Due Process Clause in refusing unwanted medical treatment. Cf., *e.g., Jacobson* v. *Massachusetts*, 197 U.S. 11, 24-30. However, the question whether that constitutional right has been violated must be determined by balancing the liberty interest against relevant state interests

In his deposition, Dr. Kennedy relies on the Food and Drug Administration's response to the House Committee on Science for his statement that if any health claim is attached to fluoride to "diagnose, treat or ameliorate dental disease, then it is a drug and actionable by the Food and Drug Administration."

**Second Argument:** There exists a genuine dispute as to whether Plaintiffs have standing to bring this suit.

Defendant City of Cumberland asserts that Plaintiffs do not have standing because they have not alleged a direct injury, as required under 42 U.S.C. § 1983. According to American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 49-50, 143 L. Ed. 2d 130, 143, 119 S. Ct. 977 (1999), cited by Defendants in its memorandum, Plaintiffs must establish that they were deprived of rights secured by the Constitution or law of the U.S. and the alleged deprivation was

committed under the color of state law. Plaintiffs have alleged and are prepared to prove that their Constitutional rights have been violated as they have been subjected to medication by the Defendants without their informed consent and that further they have been subjected to fluoride without having the opportunity to express their choice through a vote.

The injury that Plaintiff intend to prove is not, in fact, physical, but constitutional, which injury is sufficient to bring before, and can only be remedied by, this court.

**Third Argument:**   Medicating citizens without their informed consent is not protected under the police powers of either the municipalities of the City of Cumberland or the City of Frostburg.

Plaintiffs agree that it is well-settled law that municipalities have broad police powers to take actions for the general health, safety and welfare of their citizens. However, this police power is not absolute. Generally, if the state has open to it a less drastic way of satisfying its legitimate interests, it may not choose a legislative scheme that broadly stifles the exercise of fundamental personal liberties. *Kusper v. Pontkes, Illinois*, 94 S. Ct. 303, 414 U.S. 51.. The government, under the guise of police regulation, may not arbitrarily invade the liberty of an individual. *U.S. ex rel. Howard v. Ragen, D.C. Ill., 59 F. Supp.374*. The court in all cases must weigh and balance the circumstances an appraise the reasons for the state action, and vigorously scrutinize any claim of authority to invoke police power, to assure that the power is only exercised in accordance with law.  See  *Miners v. Chater*, 403 A.2d 274, 137 Vt. 330.

However, that is not the alleged conduct in this case; rather, the alleged misconduct is medication without informed consent. No federal court has yet ruled that fluoridation does not violate the privacy rights of U.S. citizens guaranteed unto them by the U.S. Constitution.

**Conclusion**:   There are multiple disputes of fact material to Plaintiffs' claims as set out in Plaintiffs' First Amended Complaint.   Defendants fluoridated the water supply of persons not citizens of the Defendants, thereby medicating them without informed consent with a drug intended to provide a medical benefit, and did so without extending the right of suffrage to Plaintiffs.   The actions of Defendants violated Plaintiffs constitutionally protected rights of liberty, due process, and privacy.   The factual disputes as to medication, police power, and standing make this matter ripe for trial.    Therefore, Plaintiffs pray that this Court deny Defendants' Motions for Summary Judgment and attach hereto a proposed Order to that effect.

By: _____ /S/ _____
William J. Trozzo
Federal Bar No. 24860
75 Greene Street
Cumberland, MD 21502
Tel (301) 759-4343
Fax (301) 759-2713

OF COUNSEL
TROZZO, LOWERY & WESTON, LLC
ATTORNEY IN CHARGE FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**:

I certify that on this 3rd day of July, 2003, I mailed a copy of Plaintiffs' Response to Motion

for Summary Judgment and supporting Memorandum, postage prepaid, to:

H. Jack Price, Esq., attorney in charge for Defendant Mayor & City Council of Cumberland, 61 Greene Street, Cumberland, Maryland 21502;

Jeffrey S. Getty, Esq., attorney in charges for Defendant Mayor & City Council of Frostburg, Maryland, 27 Prospect Square, Cumberland, Maryland 21502;

Steven C. Wilkinson, Esq, attorney in charge for Allegany County, Maryland, 220 Washington Street, Cumberland, Maryland 21502; and

Edward C. Crossland, attorney in charge for LaVale Sanitary Commission, 1 Washington Street, Cumberland, Maryland 21502.


_____/S/_____
William J. Trozzo, Esq.

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
GREENBELT DIVISION

PURE WATER COMMITTEE OF WESTERN   )
  MARYLAND, INC.,   )
   )
   Plaintiffs   )
   )
v.   )   Civil Action No. JFM 01 CV 2611
   )
MAYOR AND CITY COUNCIL OF   )
    CUMBERLAND, MARYLAND, et al   )
   )
Defendants   )

_____

ORDER

The Motions for Summary Judgment filed herein by Defendants Mayor and City Council of Cumberland, Maryland, the Evitts Creek Water Company, Inc., and the City of Frostburg, Maryland, are hereby denied.

_____
Judge