IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PURE WATER COMMITTEE OF        *
WESTERN MARYLAND, INC. et al.
                                                *
       Plaintiffs
                                                  *
v.                                                      Case No. JFM 01 CV 2611
                                                  *
MAYOR AND CITY COUNCIL OF
CUMBERLAND, MARYLAND, et al.        *

       Defendants                           *

**CITY OF FROSTBURG'S REPLY TO**
**<u>PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT</u>**

       The City of Frostburg, by and through its City Attorney, Jeffrey S. Getty, submits this Reply to Plaintiffs' Response to Motion for Summary Judgment.

**I.**

       The City of Frostburg moved for summary judgment in this case noting that the Plaintiffs lack standing to bring this claim, that the introduction of fluoride into the public water supply of the City of Frostburg was a proper exercise of the authority delegated to the municipality by the Maryland legislature and, finally, that the fluoridation of the water supply in no way abridged any Plaintiffs' right of suffrage. The Plaintiffs' Response to the Motion for Summary Judgment asserts that there are material issues of fact in dispute and raises three arguments. A review of the Motion for Summary Judgment as filed by the Defendants herein and the responses filed by the Plaintiffs, make it clear that this case should not proceed beyond the summary judgment stage.

## II.

The Plaintiffs contend that the linchpin of the dispute is whether the substance which the Defendants are adding to the public water supply constitutes a "medicine". The Plaintiffs erroneously believe that if they establish that fluoridation of the public drinking water supply is tantamount to "medication" this court must intervene and invalidate the actions of the City of Frostburg, the City of Cumberland, Allegany County, LaVale Sanitary Commission and virtually every other jurisdiction in the United States who has fluoridated public water supplies. The Plaintiffs erroneously believe that merely establishing evidence that the fluoridation constitutes medication, is tantamount to preserving their constitutional claim for trial. It is clear there is no material issue of <u>fact</u> as to whether fluoridation of the public drinking water is, in fact, a drug or medication as that is a legal issue. It is, however, equally clear that the Plaintiffs are not entitled to prevail even if they were successful in establishing this "fact". It is, therefore, not a material issue of fact which is in dispute.

The Defendants moved for summary judgment and bear the initial burden of showing through evidence which would be admissible at trial, that a "fair-minded jury could [not] return a verdict for the [plaintiff]". <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986). If the movant makes this preliminary showing, the burden shifts to the opposing party to delineate, with supporting admissible evidence, an issue of material fact in dispute and a "mere scintilla of evidence in support of the Plaintiffs' position" will not suffice. <u>See</u>, <u>Anderson</u>, 477 U.S. 252. A review of the Plaintiffs' Response to the Motion for Summary Judgment demonstrates that they have introduced no evidence to establish a dispute regarding an issue of material fact. There are no affidavits, or any other admissible evidence, to support the Plaintiffs' position.

The sole basis to support their claim that the Plaintiffs should be entitled to proceed to trial is the deposition testimony of one of the Plaintiffs' experts. The deposition testimony, however, is clearly insufficient to avoid summary judgment. Dr. David Kennedy testified in deposition as follows:

> Question: Now, do you believe that drinking fluoridated water is ingesting a drug?
>
> Answer: According to the Food and Drug Administration, that if fluoride has the health claim applied to it, according to the congressional investigation, if there is a health claim applied to fluoride to diagnose, treat or ameliorate dental disease, then it is a drug and actionable by the Food and Drug Administration. That's a response to a question by the House Committee on Science. It took them two and a half years to generate that response . . .
>
> Question: Well, you understand that the FDA doesn't regulate fluoride in public drinking water, right?
>
> Answer: That is correct.

See Exhibit 1 attached hereto.

Based upon this deposition testimony, the Plaintiffs cite several Supreme Court cases dealing with the forced administration of anti-psychotic drugs to attempt to construct a constitutional issue for fluoridation. A review of <u>Riggins v. Nevada</u>, 504 U.S. 127, 118 L.D.2d 479, 112 S. Ct. 1810 (1992) and <u>Sell v. United States</u>, 123 S. Ct. 2174 (2003) demonstrates how deficient the Plaintiffs' claims are in this case.

The issue confronting the court in <u>Riggins</u> and <u>Sell</u> was the extent to which the government can force a prisoner in the custody and control of a state or the federal government against his will to be medicated with anti-psychotic drugs. The court noted in <u>Riggins</u> that there can be serious, even

fatal, side affects to the consumption of the drugs which the government sought to force the defendant to consume against their will. The court noted that the side affects of taking the drug at issue included acute dystonia (a severe involuntary spasm of the upper body, tongue, throat or eyes); akathesia (a motor restlessness characterized by an inability to sit still); neuroleptic malignant syndrome (a rare condition which can lead to death from cardiac dysfunction) and tardive dyskinesia (an occasionally irreversible neurological disorder characterized by involuntary, uncontrolled movements of various muscles). See, Riggins, 504 U.S. at 134. In analyzing the issue presented, the court noted that under its prior decisions forcing anti-psychotic drugs on a convicted prisoner may be permissible if there is a finding of an over-riding justification and a determination of medical appropriateness. Riggins, 504 U.S. at 135 citing Washington v. Harper, 494 U.S. 210 (1990).

In this case, the Plaintiffs do not allege any physical injury to them and have chosen to ignore that element as part of the litigation. There is quite literally no harm for this Court to consider or to balance against Frostburg's alleged intrusion into the Plaintiffs' lives. The Plaintiffs have established no facts by which this Court could undertake a constitutional analysis if it accepted that fluoride were medication.

Furthermore, no person is being forced to consume the City of Frostburg's water. Using other sources may be inconvenient or may be more expensive, but certainly no one is physically forcing their ingestion of fluoridated drinking water. The very suggestion that Frostburg's decision to fluoridate the drinking water constitutes the same type of intrusion into constitutionally protected privacy rights of the Plaintiffs as administering anti-psychotic drugs to a prisoner is absurd. Because the Plaintiffs have not chosen to develop, articulate or litigate any concerns regarding the alleged injury, there can be no balancing or constitutional review which can result in the relief the Plaintiffs seek from this Court. The Plaintiffs allege this is the seminal issue in the case. Yet, they have not

produced a scintilla of evidence which would justify allowing them to proceed to trial. Although the Plaintiffs assert there is a constitutional issue, no facts have been deduced to indicate there is a controversy which justifies proceeding beyond this stage. That is the Plaintiffs' burden at this stage of the proceeding and they have failed to respond.

### III.

The City of Frostburg's contention that the Plaintiffs lack standing to bring this case is unrefuted. The Plaintiffs have confirmed that "the injury that the Plaintiffs intend to prove is not, in fact, physical but constitutional . . ." (See Plaintiff Memo. p. 4). This is precisely the same point which was raised by the City of Frostburg in its Motion for Summary Judgment. Defendant, City of Frostburg, has put forward the law and citation to legal authority for the proposition that a mere constitutional injury and nothing else is insufficient to confer Article III standing. This is not factual dispute, the City of Frostburg clearly established that it is entitled to summary judgment as a matter of law due to the Plaintiffs' lack of standing to prosecute the action.

### IV.

The Plaintiffs' third argument merely re-alleges that it is "misconduct" to introduce fluoride (which they assert is medication) without the informed consent of the people who consume public drinking water. There is no citation to any legal authority nor any legal argument made to support this assertion. No facts have been adduced and no legal authority cited to establish that this constitutes in any way "misconduct". The Defendants are entitled to summary judgment as it is clear from the overwhelming legal precedent that the courts have uniformly found that fluoridation

of the drinking water is a valid exercise of the police powers of municipalities throughout the United States. Simply raising allegations of "misconduct" will not save the Plaintiffs from summary judgment.

## CONCLUSION

This case has been pending since August 30, 2001. In that period of time, the Defendants have been required to dedicate significant resources to responding to the allegations and defending the collective decision made by the citizenry of the City of Cumberland, City of Frostburg, Allegany County and LaVale Sanitary Commission. After almost two years of litigation, the Plaintiffs' Response to the Motion for Summary Judgment documents clearly the lack of any legal or factual support for their allegations. The Plaintiffs have failed to produce evidence indicating there is any material issue of fact in dispute. The Defendants are entitled to summary judgment and should not be forced to the time and expense of continuing to litigate a case whose time has come.

                                            GEPPERT, McMULLEN, PAYE & GETTY

By   <u>A/s/@ Jeffrey S. Getty</u>
      JEFFREY S. GETTY
      City Attorney
      Federal Bar No. 05321
      21 Prospect Square
      Cumberland, Maryland 21502
      (301) 777-1515
      Attorneys for City of Frostburg

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 17th day of July, 2003, a copy of the aforegoing City of

Frostburg's Reply to Plaintiffs' Response to Motion for Summary Judgment was mailed, postage prepaid, to William J. Trozzo, Esquire, Trozzo, Lowery & Weston, 75 Greene Street, Cumberland, Maryland 21502, Attorneys for Plaintiffs; H. Jack Price, Esquire, 61 Greene Street, Cumberland, Maryland 21502, Attorneys for Mayor and City Council of Cumberland; Stephen C. Wilkinson, Esquire, 220 Washington Street, Cumberland, Maryland 21502, Attorney for Allegany County, Maryland and to Edward C. Crossland, Esquire, 1 Washington Street, Cumberland, Maryland 21502, Attorneys for LaVale Sanitary Commission.

           GEPPERT, McMULLEN, PAYE & GETTY


           By __A/s/@ Jeffrey S. Getty__
              JEFFREY S. GETTY

EXHIBIT 1

30

1   A.  I understand that the city that you represent
2   has determined that they are going to add a chemical to
3   the water supply that will elevate the amount of
4   circulating fluoride ion in the drinking water.
5   Q.  Anything else you understand about the case?
6   A.  That I think the Complaint is that this is a
7   violation of our rights as citizens to choose the drugs
8   that we ingest.
9   Q.  Now, do you believe that drinking fluoridated
10  water is ingesting a drug?
11   A.  According to the Food and Drug
12  Administration, that if fluoride has a health claim
13  applied to it, according to the Congressional
14  investigation, if there is a health claim applied to
15  fluoride to diagnose, treat or ameliorate dental
16  disease, then it is a drug and actionable by the Food
17  and Drug Administration.  That's a response to a
18  question by the House Committee on Science.  It took
19  them two and a half years to generate that response.
20       The full text of the letter is posted on the

21   web page of citizens.org.  Actually, I don't think

22   that's correct.  New web page is

Case 1:01-cv-02611-JFM   Document 39   Filed 07/18/2003   Page 9 of 11

31

1  keepers-of-the-well.org.  The complete text of the
2  response from the FDA is to be found on that page.
3     Q.  Well, you understand that the FDA doesn't
4  regulate fluoride in public drinking water, right?
5     A.  That is correct.
6     Q.  But, nonetheless, you are using their
7  definition in order to indicate that this is a
8  medicine, right?
9     A.  I am using their statement to Congress that
10 fluoride used to diagnose, treat or ameliorate is by
11 definition, their definition, a drug.
12    Q.  Do you have a copy of that letter?
13    A.  No.
14    Q.  Is that a no?
15    A.  That is a no.  But I have given you a source
16 where you can download it.  It's in a pdf file.
17        MR. GETTY:  Do you have that?
18        MR. TROZZO:  I have it.
19        THE WITNESS:  Mr. Trozzo has it probably.
20        MR. TROZZO:  Yes, I do.
21    Q.  Now, we skipped ahead on fluoride as a
22 medicine.