IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)

| | |
|---|---|
| **PURE WATER COMMITTEE OF** \*<br>**WESTERN MARYLAND, INC., et al** \* | |
| Plaintiff   \* | |
| Vs.   \* | **CASE NO. JFM 01 CV 2611** |
| **MAYOR AND CITY COUNCIL OF** \*<br>**CUMBERLAND, MARYLAND, et al** \* | |
| Defendants   \* | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S REPLY
TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

The Mayor and City Council of Cumberland and the Evitts Creek Water Company, Inc. (hereinafter collectively referred to as "Cumberland") by and through their undersigned counsel submit this Memorandum in Support of their Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment.

**INTRODUCTION**

Defendants, Mayor and City Council of Cumberland and Evitts Creek Water Company, Inc. moved for Summary Judgment in this proceeding pursuant to Federal Rule of Civil Procedure 56(c) contending in their Motion that there exists no genuine dispute as to any material fact and that they were entitled to a judgment in their favor as a matter of law.

Plaintiff's have in their responsive Memorandum set forth three allegations of "material fact" which they contend to be in dispute in this matter--whether or not water fluoridation constitutes medication, whether or not they have standing to bring this suit and whether or not the actions of the Defendants

in this proceeding are unconstitutional violations of their authority under the police power granted them by the State of Maryland. None of the three arguments made by the Plaintiff pertain to factual issues, however. Rather, they are legal issues which the Court can dispose of, pursuant to Federal Rule of Civil Procedure 56(c).

1. **Fluoride is not medication.**

In Plaintiff's First Amended Complaint, it is alleged in Paragraph twenty-nine and thirty that fluoride is a drug and is subject to regulation by the Federal Food and Drug Administration. Defendants in their memorandum have referred the Court to extensive case law which clearly holds otherwise. The Plaintiffs have not provided any legal authority whatsoever contradicting the holdings of those cases. Rather, the Plaintiffs identify a "medical expert witness" who stated, in deposition, that in his opinion, fluoride "is a medicine" even though, he readily acknowledges, fluoridation of public water supplies is not regulated by the Food and Drug Administration, but is regulated by the Environmental Protection Agency. The fact is that water fluoridation is not medication, a holding

consistently made by the Courts for a period of fifty years. Not one single court considering the issue has held otherwise.

2. **Standing.**

Again, Plaintiffs in their Memorandum, have provided no authority contrary to the cases cited by the Defendants in their Memorandum. They have stipulated that water fluoridation is not harmful. They have not alleged any "injury in fact" as is required under the existing case law. See, Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 180 (2000) and Lujan v. Defender's of Wild Life, 504 U.S. 555, 560 (1992). Moreover, while Plaintiffs continue to argue that they have been deprived of "an opportunity to express their choice through a vote", they have provided no legal authority in support of their allegation that they have a right to vote on this issue.

3. **Fluoridation is a proper exercise of the State's police power.**

Again, Plaintiffs have chosen not to respond to the points raised in Defendants Memorandum. Rather, Plaintiffs have cited three cases in their argument which have absolutely no

applicability to this matter whatsoever. The holding in the third, <u>Miners v. Chatter,</u> 403 A. 2d 274, (Vt. 1979) is based solely upon a Vermont statute dealing with credits against sentencing for time spent on parole where Defendant's parole is otherwise revoked.

## CONCLUSION

Contrary to Plaintiffs' assertions, there are no disputes as to any material fact. Rather, there are legal issues which exist in this proceeding. Plaintiffs seeks to cloud this matter by raising matters which have no applicability in this proceeding rather than address the points raised by the Defendants in their Motions for Summary Judgment. Plaintiffs present no case law which support their positions whatsoever. Defendants, Mayor and City Council of Cumberland and Evitts Creek Water Company, Inc. respectfully request therefore their Motion for Summary Judgment be granted.

_____
H. Jack Price, Jr.
City Solicitor
Federal Bar No. 01510
61 Greene Street
Cumberland, MD  21502
(301) 724-5040

  **I HEREBY CERTIFY**, this _____ day of July, 2003, a copy of the foregoing document was mailed, postage prepaid, to William J. Trozzo, Esquire, and Terri Ann Lowery, Esquire, Trozzo, Lowery & Weston, 75 Greene Street, Cumberland, MD 21502 and Jeffrey Getty, 21 Prospect Square, Cumberland, MD 21502; Stephen C. Wilkinson, Esquire, 220 Washington Street, Cumberland, MD 21502; and Edward C Crossland, Esquire, 1 Washington Street, Cumberland, MD 21502.

                _____
                H. Jack Price, Jr.